# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2749

_____

| | |
|---|---|
| Jerri Johnson; Dennis Washington; Rommie Moss; Willie Mathis, | * * * |
| Appellants, | * * |
| v. | * * |
| | * Appeal from the United States |
| The City of Hope, Arkansas, A Public Body Corporate; William Brinkworth, Individually and in His Official Capacity as Chief of Police of the City of Hope, AR; James Purtle, Former Chief of Police of the City of Hope Police Department, | * District Court for the Western * District of Arkansas. * * [UNPUBLISHED] * * * |
| Appellees. | * * |

_____

Submitted: April 16, 2002

Filed: April 23, 2002

_____

Before HANSEN, Chief Judge, McMILLIAN and FAGG, Circuit Judges.

_____

PER CURIAM.

Jerri Johnson, Dennis Washington, Rommie Moss, and Willie Mathis (the plaintiffs) appeal the district court's[*] adverse grant of summary judgment on their racial employment discrimination claims brought against the Hope, Arkansas Police Department (HPD). The plaintiffs are African-American employees or former employees of HPD. The district court granted HPD's motion for summary judgment, reaffirming on reconsideration. We review the grant of summary judgment de novo, affirming the district court if material facts are not in dispute and the moving party is entitled to judgment as a matter of law. Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002). We examine each plaintiff's claim in turn.

Johnson alleges she was constructively demoted on account of her race. When HPD changed its administrative structure to accommodate a new 911 emergency call system, HPD eliminated the supervisory dispatcher position held by Johnson, but continued to employ Johnson in a similar position without decreasing her pay, seniority, or benefits. Thus, Johnson suffered no adverse employment action. Ledergerber v. Stangler, 122 F.3d 1142, 1144-45 (8th Cir. 1997). Further, Johnson is not similarly situated to the employee who now supervises dispatching because he is an HPD lieutenant and Johnson is not a certified law enforcement official. We affirm the district court's grant of summary judgment to HPD on Johnson's claim of constructive demotion.

Washington and Moss both allege they were not promoted because of their race, and also that they were subjected to retaliatory discharge after each filed a claim with the Equal Employment Opportunity Commission (EEOC) and publicly criticized HPD. The district court dismissed both failure to promote claims, concluding neither Washington nor Moss established a prima facie case because neither applied for the position he claims he was denied. Gentry v. Georgia-Pacific Corp., 250 F.3d 646,

---

[*]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

650 (8th Cir. 2001).  Under the law of this circuit, however, a "formal application for a job opening will not be required to establish a prima facie case of discrimination 'if the job opening was not officially posted or advertised and . . . the employer was aware of the plaintiff's interest in the job notwithstanding the plaintiff's failure to make a formal application.'"  Id. at 652 (citation omitted).

The district court opinion and the record do not make clear whether HPD "officially posted or advertised" the open positions Washington and Moss wanted. Summary judgment was appropriate on other grounds, though.  Because Washington was not similarly situated to the recipient of the relevant promotion–who had the required one year of supervisory experience Washington lacked–Washington cannot establish a prima facie case.  Id. at 650.  As for Moss, even if HPD did not formally post or advertise the position he was not promoted to, summary judgment is appropriate because Moss does not contend his supervisor had actual knowledge of Moss's interest in the position.

Washington and Moss's retaliatory discharge claims fail because neither plaintiff can establish a causal connection between his protected speech and the termination of his employment.  Graning v. Sherburne County, 172 F.3d 611, 615 (8th Cir. 1999).  Further, both Washington and Moss were terminated for legitimate, non-discriminatory reasons.  Id.  Washington filed an EEOC claim in October 1996 and HPD conducted a thorough investigation into Washington's failure to follow HPD policy before terminating him on this basis in June 1998.  After Moss filed an EEOC claim, the Arkansas State Police began an investigation which led to three felony charges being filed against Moss in state court and to Moss's termination by HPD. We affirm the district court's grant of summary judgment to HPD on the failure to promote and retaliatory discharge claims brought by Washington and Moss.

Mathis alleges he was constructively discharged from HPD because of its racially hostile work environment.  The district court concluded Mathis's working

conditions were not so intolerable that his resignation was reasonably foreseeable. Tidwell v. Meyer's Bakeries, Inc., 93 F.3d 490, 494 (8th Cir. 1996). In support of this conclusion, the district court noted Mathis was reassigned from housing authority to patrol duty; he passed a polygraph test as part of an investigation which was then dismissed; he received a three-day suspension for being late to a parole revocation hearing when his tardiness caused the petition for revocation to be denied; the local newspaper published an article about this parole hearing on its own initiative; Mathis's pay and benefits never decreased during his employment with HPD; and Mathis accepted a higher-paying job before resigning from HPD. On appeal, Mathis raises additional claims that his co-workers told racist jokes, used racist language, and directed racial epithets at him, and his supervisors failed to remedy this situation. Id. We do not reach these claims because Mathis's affidavit states Mathis never informed his supervisors about racial discrimination by his co-workers, and so HPD had no chance to remedy these aspects of the allegedly racially hostile environment. We affirm the district court's conclusion that Mathis fails to state a claim for constructive discharge as a matter of law.

In sum, we affirm for the reasons stated above.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.